UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND TYLICKI,

                            Plaintiff,

         v.                                    3:09-cv-53

JOHN R. SCHWARTZ,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

         Plaintiff Raymond Tylicki, appearing *pro se*, commenced the instant action

asserting various state law and constitutional claims against Defendant John Schwartz.

Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Fed.

R. Civ. P. 12(b)(6).[1]

## I.      FACTS

         According to the Complaint, Defendant is the Chief of the University Police at the

State University of New York at Binghamton.  The Complaint alleges that Defendant "falsified

government documents by entering misleading and false information by entering false

---

[1] Defendant's motion is deemed unopposed.  Plaintiff submitted opposition papers that did not comply with the Court's local rules.  In a Decision and Order dated July 7, 2009, the Court rejected Plaintiff's opposition papers, adjourned the matter, and afforded Plaintiff until July 24, 2009 to submit proper opposition papers.  Plaintiff was specifically warned that the "failure to submit papers that comply with the Federal Rules of Civil Procedure and this Court's local rules" would result in Defendant's motion being deemed unopposed.

         The Court's July 7 Order and various other Orders sent to Plaintiff have all been returned as undeliverable.  See Dkt. Nos. 21-27.  Plaintiff has failed to keep the Court apprised of a valid address as required by N.D.N.Y.L.R. 10.1(b)(2).

information on Offcial [sic] Police reports and composine a dociarere [sic] and file on Mr Tylicki as well as directing his subordinates to do the same that contained misleading and sladerouse [sic] information."  Comp. at ¶ 1.  It is alleged that Defendant shared this information with other police departments and faculty and students at the State University of New York at Binghamton and other SUNY campuses.  The Complaint alleges that this conduct was done in retaliation for Plaintiff having criticized "the Binghamton University in the recent past for unsafe conditions on its bus system and its lack of access in it facilitys [sic] for the public with disabilities at meetings of the University Senate and has pending actions against SUNY in Federal Court that are not related in nature to the complaint at hand."  Id. at ¶ 3.

Plaintiff asserts state law claims of invasion of privacy, defamation, and claims pursuant to § 1983 sounding in substantive and procedural due process violations and a violation of the Ninth Amendment.  The substantive due process violation is founded upon Defendant's refusal "to amend the records" or "redact any false information" thereby harming Plaintiff's reputation.  Id. at ¶ 6A.  The procedural due process claim is predicated upon Defendant's assertion that certain records requested by Plaintiff through a Freedom of Information Law request were non-existent, Defendant's refusal "to ID the fact that the police file existed," and that there is no procedure in place to challenge false records.  Id. at ¶ 6B. The Ninth Amendment claim is based on his claim that the Ninth Amendment protects a right of privacy, which right was violated by Defendant entering false information onto a public record and not allowing Plaintiff a means by which to challenge or correct such information. Id. at ¶ 6C.

Together with his Complaint, Plaintiff also filed a document entitled "Brief In Support of Maintaining 42 USC 1983 Action."  In this document, Plaintiff asserts that Defendant retaliated against him for using a federally funded library that receives government documents and for his anti-war activity (which consisted of placing "a peace sticker on the window of a recruiting station in Vestal NY)." Br. in Support at p. 3.  Later in the document, however, Plaintiff writes:

> But putting this all aside the question at hand here and the only question that he asks this court to consider is . . . .
>
> When a Public Official such as a police officer falsifies records and does so with malice and just because he thinks he can arbitrary [sic] do so. . . . does the subject of such records have the right to file for a civil rights action as per 1983?

Br. in Support at p. 5.

Presently before the Court is Defendant's motion to dismiss the Complaint on the ground that the Complaint fails to state a claim upon which relief can be granted.

## II.    STANDARD OF REVIEW

A motion under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims pleaded in the case.  The Supreme Court recently elaborated on the standard to be used in addressing a Rule 12(b)(6) motion, and again explained Rule 12(b)(6)'s interrelationship with the federal pleading standard under FED. R. CIV. P. 8.  See Ashcroft v. Iqbal, --- S.Ct. ----, 2009 WL 1361536, at *12 -*13 (May 18, 2009).  In this regard, the Court explained:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [2007]], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S. Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).  A pleading that

offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S .Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S. Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S .Ct. 1955.  Determining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 2009 WL 1361536, at *12 -*13.

In deciding a Rule 12(b)(6) motion, review "is generally limited to the facts and allegations that are contained in the [challenged pleading] and in any documents that are either incorporated into the [pleading] by reference or attached to the [pleading] as exhibits." Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (citations omitted).  Dismissal is appropriate where the pleading fails as a matter of law. Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir. 2002).

## III.    DISCUSSION

### a.    Due Process

To state a due process claim, Plaintiff must identify a protected liberty or property interest. Velez v. Levy, 410 F.3d 75, 85 (2d Cir. 2005).  Plaintiff claims that the protected interest is his reputation.  It is well-settled that "[a] free-standing defamatory statement . . . is not a constitutional deprivation. . . ."  Velez, 410 F.3d at 87-88 (quoting Siegert v. Gilley, 500 U.S. 226, 233, 111 S. Ct. 1789, 114 L. Ed.2d 277 (1991)); see also Paul v. Davis, 96 S. Ct. 1155, 1161, 1163, 1166 (1976).  Absent some tangible and material state-imposed burden in addition to the stigmatizing statement, there can be no due process claim. Id; see also Segal v. City of New York, 459 F.3d 207, 212-13 (2d Cir. 2006); O'Connor v. Pierson, 426 F.3d 187, 195 (2d Cir. 2005); Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004).  Here, Plaintiff fails to allege any facts suggesting a state-imposed burden in addition to the stigmatizing statement.  See Rolon v. Henneman, 517 F.3d 140, 148 (2d Cir. 2008) (a claim for damages arising from false accusations "is best left to state defamation law. . . .").  To the contrary, Plaintiff claims that he has never been charged with any crimes and does not allege

any other facts suggesting a tangible and material burden.  Accordingly, the due process claims must be dismissed.

### b.   Ninth Amendment

Plaintiff's claim under the Ninth Amendment must be dismiss because that Amendment does not apply to his claims.  <u>Paul</u>, 96 S. Ct. at 1166 (Holding that the plaintiff's "claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be 'private,' but instead on a claim that the State may not publicize a record of an official act such as an arrest.  None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner.").

### c.   First Amendment

To state a retaliation claim under the First Amendment, Plaintiff must show that: (1) he engaged in protected speech; (2) the defendant took adverse action against the plaintiff; and (3) that there was a causal connection between the protected speech and the adverse action."  <u>Espinal v. Goord</u>, 558 F.3d 119, 128 (2d Cir. 2009).

Assuming that Plaintiff can satisfy the first prong, the Complaint fails to plead sufficient facts to state a claim satisfying the second or third prongs.  As discussed, Plaintiff fails to allege any tangible or material burden imposed by Defendant.  The unspecified false information contained in the police reports is insufficient to constitute adverse action.  Further, Plaintiff alleges insufficient facts suggesting causation between his protected activity and the making of false statements in the police reports.  There is no indication that Defendant was aware of Plaintiff's protected activity or any facts tending to suggest that Defendant made false statements because of Plaintiff's protected activity.

**d.** <u>**Defamation**</u>

To the extent that Plaintiff asserts a defamation, it must be dismissed as untimely. The Complaint and documents annexed thereto complain of defamatory statements made through December 2007.  Comp. at ¶ 1; Br. in Support at p. 2 (stating that the conduct ceased in "Jan 2007").  The instant action was commenced in 2009, well after the expiration of the applicable one year statute of limitations.  N.Y.C.P.L.R. § 215(3).

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

Dated: August 19, 2009

Thomas J. McAvoy
Senior, U.S. District Judge